UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MICHAEL DEAN FUGATE, JR., | ) |
| | ) |
| Petitioner, | )   Civil Action No. 5: 14-095-DCR-EBA |
| | ) |
| V. | ) |
| | ) |
| CLARK TAYLOR, Warden, | )   **MEMORANDUM OPINION** |
| | )   **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In 1988, Michael Dean Fugate, Jr., was convicted of murder and abuse of a corpse in the Powell Circuit Court. He is currently confined at the Kentucky State Reformatory in Lagrange, Kentucky, where he is serving a life imprisonment for the murder conviction and twelve months, served concurrently, for abusing a corpse. [Record No. 16-15, p. 1] After unsuccessfully appealing in the state courts, Fugate now petitions this Court for collateral relief under 28 U.S.C. § 2254. [Record No. 1] However, for the reasons discussed below, Fugate's petition will be denied. A Certificate of Appealability will not be issued with respect to any issue raised in this action.[1]

---

1   A Certificate of Appealability may be issued only where the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court's denial of the requested relief is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a court's denial is based on a procedural ruling, the movant must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and debatable "whether the district court was correct in its procedural ruling." *Id.* In the present case, Fugate has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the procedural issues he seeks to raise are debatable among reasonable jurists or that the questions are adequate to deserve encouragement to proceed further.

On March 12, 2014, Fugate filed the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging nine grounds for relief. First, he alleges that his due process rights were violated by the admission of a tape recorded conversation during trial. Next, he contends that he was denied a fair trial and his case was substantially prejudiced when the jury was provided a transcript of a recorded conversation during deliberations. Additionally, Fugate argues that his constitutional rights were violated due to the following alleged errors by the prosecutor: witness intimidation of Joe Wilder; suggestions to the jury to impose a life sentence during opening and closing arguments; inflaming the passions of the jury; misleading, misstating facts, improperly vouching for evidence, and intimidating the jury throughout the trial proceedings; and failure to release *Brady* evidence before trial. Fugate also asserts that he was provided ineffective assistance of counsel based upon his attorney's failure to call witnesses, find and call David Crum, object to discovery violations, object to hearsay, preserve evidence, and file a timely appeal. Finally, Fugate asserts, *inter alia*, that he was denied an evidentiary hearing.

Consistent with local practice, Fugate's petition was presented to a United States Magistrate Judge for initial review and issuance of a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). On March 16, 2015, United States Magistrate Judge Edward B. Atkins issued his report. [Record No. 19] Based on review of the record and the applicable law governing the motion, he recommended that Fugate's motion be denied. Fugate filed objections to the Magistrate Judge's Report and Recommendation on April 6, 2015. [Record No. 20]

While this Court reviews *de novo* those portions of the magistrate judge's recommendations to which an objection is made, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). Further, a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 509 (6th Cir. 1991).

Having reviewed *de novo* the portions of the Magistrate Judge's Report to which objections have been made, the Court concludes that Fugate's objections are without merit. The Court will adopt the Magistrate Judge's recommendations, as modified below. Fugate's petition will be denied.

**I.**

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Fugate's writ of habeas corpus may be granted only if the state-court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Under the "contrary to" test, "a state court's decision is contrary to clearly established Federal law if it (1) arrives at a legal holding that contradicts a Supreme Court case, or (2) involves facts that are materially indistinguishable from a Supreme Court case but nonetheless arrives at a substantially different result." *Jones v. Jamrog*, 414 F.3d 585, 591 (6th Cir. 2005) (citing

*Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). An unreasonable application of clearly established federal law occurs "when a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a prisoner's case." *Id*. In determining whether a case involves an unreasonable application of federal law, the question is whether the state court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 409–11.

## II.

Fugate objects to the Magistrate Judge's Report and Recommendation. Although he purports to challenge the recommendation regarding each of his nine claims, his objections are limited to asserting that: (1) he was not provided the right to a proper appeal because his trial transcript was destroyed; (2) the Kentucky state courts could not have effectively reviewed his claims without the trial transcript; and (3) the Magistrate Judge erred in reviewing his claims of ineffective assistance of counsel regarding his attorney's failure to call and find witnesses, preserve evidence, and file a timely appeal. [Record No. 20]

### A. Trial Transcript

Fugate did not initially appeal his 1988 conviction, but instead later moved for a belated appeal which was granted on August 28, 1995. [Record No. 16-14, p. 1] However, by that time, the trial transcript and other exhibits had been destroyed because the five year period for storing the materials had expired in February 1993 and the reporters had not received notice that the case would be appealed. [*Id.*, pp. 1–2] As a result, Fugate's trial transcript was not available for appeal.

Fugate's first two objections *appear* to assert that he was denied due process as a result of the destruction of his trial transcript. In support, he cites *Hardy v. United States*, 375 U.S. 277 (1964). However, to the extent that he actually asserts these arguments, they are waived. Fugate's petition for habeas review does not include any such claims and, as a result, they were not presented to the Magistrate Judge.[2] Under precedent from this circuit, arguments that are not presented to the magistrate are waived. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Greer v. Harry*, No. 1: 09-cv-34, 2012 WL 32476, at *2 (W.D. Mich. Jan. 5, 2012). Therefore, these issues are not properly brought before the Court, and Fugate's objections are denied.[3]

The Magistrate Judge mentioned the destruction of the trial transcript in determining that the surviving state record, along with the two hearings conducted in 1994 following Fugate's trial, were sufficient for meaningful review. [Record No. 19, p. 14 n.2] He relied

---

[2] Fugate's ninth issue asserted, *inter alia*, that he was "denied a complete record of the proceedings in the lower court." [Record No. 1, p. 8] However, his claim failed to assert a violation of the Constitution, laws, or treaties of the United States. As such, it was unclear upon what grounds he requested relief. As a result, the Magistrate Judge denied the claim after construing it as one for cumulative error. [Record No. 19, p. 26–27]

[3] Fugate's objections would still be denied even if they were properly raised. The Sixth Circuit has determined that "federal habeas relief based on a missing transcript will only be granted where the petitioner can show prejudice." *Jackson v. Renico*, 179 F. App'x 249, 252 (6th Cir. 2006); (citing *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986)). Here, Fugate has made no specific allegations of error resulting from the transcript's destruction. Instead, he speculates that the transcript was required for a fair appeal. Further, it is notable that the transcript was destroyed as a result of the Petitioner's failures. Fugate was sentenced on February 16, 1988, but he did not file a timely appeal. It was not until August 28, 1995, that he was granted a belated appeal. [Record No. 16-14, p. 1–2] Additionally, Fugate has not asserted that he took steps pursuant to Kentucky Rule of Civil Procedure 75.13 to provide a narrative statement. *See Waite v. Thompson*, Civil Action No. 5: 10-393-DCR, 2011 WL 1832951, at *5–6 (E.D. Ky. Apr. 25, 2011). As a result, he is unable to demonstrate prejudice as a result of the destruction of the trial transcript.

upon *Clark v. Waller*, 490 F.3d 551, (6th Cir. 2007), which determined that when reviewing a state record, "the district court need not examine the trial records if two conditions are satisfied: (1) the state court opinions summarize the trial testimony or relevant facts; and (2) the petitioner does not quarrel with that summary and instead contends only that the trier of fact should have reached a different conclusion." *Id.* at 556 (quotation omitted). The undersigned agrees that, under this standard, the surviving record is sufficient for review of the claims asserted in Fugate's petition.

### B. Ineffective Assistance of Counsel

Fugate also objects to the Magistrate Judge's application of *Strickland v. Washington*, 466 U.S. 668 (1984), in evaluating his claims of ineffective assistance of counsel. His objections assert that ineffective assistance resulted from his counsel's failure to call and find witnesses, preserve evidence, and file a timely appeal. [Record No. 20, p. 28] Fugate's ineffective assistance of counsel claims were originally brought under RCr. 11.42 and denied by the Powell Circuit Court on October 12, 1998. [Record No. 16-14] The circuit court's decision was affirmed on September 1, 2000, by the Court of Appeals of Kentucky. [Record No. 16-10] Later, on March 13, 2002, the Supreme Court of Kentucky remanded claims back to the Powell Circuit Court for additional proceedings in light of the new standard announced in *Fraser v. Commonwealth*, 59 S.W.3d 448 (Ky. 2001), and *Norton v. Commonwealth*, 63 S.W.3d 175 (Ky. 2001). [Record No. 16-8, p. 1] These cases require that a petitioner claiming ineffective assistance of counsel under RCr. 11.42 demonstrate that, "absent the errors by trial counsel, there is a '*reasonable probability*' that the jury would have reached a different result." *Norton*, 63 S.W.3d at 177. The Powell Circuit Court

subsequently reviewed the claims under the applicable standard and on March 27, 2012, affirmed its October 12, 1998, findings and conclusions. [Record No. 16-8] The Court of Appeals of Kentucky affirmed this decision on June 14, 2013, and the Supreme Court of Kentucky denied review. [Record Nos. 16-3; 16-4]

To demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was highly deficient *and* that this deficient performance prejudiced his defense. *Strickland,* 466 U.S. 668. For a petitioner to obtain habeas relief, he must show that "the state court's resolution of his claim of ineffective assistance of counsel under *Strickland,* 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (citing 28 U.S.C § 2254(d)(1)). "Ineffective assistance under *Strickland* is deficient performance by counsel resulting in prejudice, with performance being measured against an 'objective standard of reasonableness,' 'under prevailing professional norms.'" *Id.* (citations omitted). A petitioner must then show that there is a reasonable probability that, but for counsel's inadequate performance, the results would have been different. *Strickland,* 466 U.S. at 687. The court's scrutiny of counsel's performance is highly deferential, and counsel is strongly presumed to have rendered adequate assistance and have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 689; *Bigelow v. Williams,* 367 F.3d 562, 570 (6th Cir. 2004).

In his objections, Fugate makes no new arguments regarding his claims of ineffective assistance. Rather, he reiterates the assertions made in his petition. As demonstrated by the

Magistrate Judge, the state court addressed and accurately described the *Strickland* standard upon remand and properly allocated the burden to the Petitioner in disposing of his ineffective assistance of counsel claims. Further, Fugate has not demonstrated prejudice as a result of his attorney's alleged errors. [*See* Record No. 19, pp. 19–25] Thus, his objections regarding ineffective assistance of counsel will be denied.

## III.

Out of an abundance of caution, the Court has reviewed *de novo* the remaining claims to which Fugate did not object.

### A. Admission of Tape Recorded Conversation

A state prisoner procedurally defaults on a claim under § 2254 by failing to raise it in state court or through the state's ordinary appellate review procedure. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Where state court remedies are no longer available to the petitioner, procedural default bars federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *Williams*, 460 F.3d at 806. Furthermore, a prisoner will not be permitted to present such claims in a later habeas proceeding unless he can show cause to excuse his failure to present the claims in state court as well as actual prejudice to his defense at trial or on appeal. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). A petitioner who is unable to show cause and prejudice may obtain habeas review only if denying such review would produce a fundamental miscarriage of justice, such as when new evidence suggests actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393 (2004).

Fugate claims that his due process rights were violated by the admission of a tape recorded conversation with Joann Moore. [Record No. 1, p. 5] This claim was denied by the Supreme Court of Kentucky on direct appeal as being procedurally defaulted. That court stated:

> [Fugate] now argues before this Court that the trial court's admission of the tape recorded conversation substantially prejudiced him and should serve to reverse his conviction. [Fugate] contends this recording is rife with statements of drug abuse, threats and sexual acts all unconnected with the present case. The Commonwealth, on the other hand, challenges [Fugate's] statement of preservation asserting that while it is undisputed that trial counsel objected to the introduction of the taped statement, the basis of his objection is anything but clear.
>
> The limited record reflects that [Fugate's] counsel objected to neither the tape's quality nor its content, but merely objected to the way in which the tape was obtained. At the hearings in 1994, no one testified that trial counsel objected to the introduction of the tape on different grounds than those discussed in the written suppression motion. As we have previously stated, "appellant [] will not be permitted to feed one can of worms to the trial court judge and another to the appellate court." Kennedy v. Commonwealth, Ky., 544 S.W.2d 219, 222 (1976). Since the record does not reflect that the precise issue argued on appeal was raised to the trial judge, the objection to the uncharged conduct has not been preserved and must be denied.

[Record No. 16-15, pp. 4–5]

The Magistrate Judge determined that Fugate's claim was procedurally barred because the Supreme Court of Kentucky found that the claim was not raised on direct appeal and, therefore, could not first be raised in his motion to vacate under RCr. 11.42. [Record No. 19, p. 8] However, a review of the record demonstrates that this claim was brought on direct appeal before the Supreme Court of Kentucky. [*See* Record Nos. 16-15, pp. 4–7; 16-14, pp. 4–5] Nevertheless, Fugate is still procedurally barred from bringing this claim. As stated by the Supreme Court of Kentucky, a claim that is not raised before the trial court

- 9 -

cannot be raised before the appellate court under Kentucky law. *See Kennedy*, 544 S.W.2d, at 222; *Elery v. Commonwealth*, 368 S.W.3d 78, 97–98 (Ky. 2012) ("An appellant preserves for appellate review only those issues fairly brought to the attention of the trial court.").

During trial, Fugate objected to the admission of the recorded conversation based on how it was obtained. However, on direct appeal before the Supreme Court of Kentucky he offered a new argument, asserting that the recording was inadmissible because it included statements of drug abuse, threats, and sexual acts unconnected with the original case. Thus, the Supreme Court of Kentucky found his claim to be procedurally defaulted because he had not raised these issues during trial and was prohibited from doing so for the first time on appeal. Accordingly, state court remedies were no longer available to Fugate. As a result, Fugate is barred from bringing his claim on federal habeas review. *Coleman*, 501 U.S. at 731–32. Fugate has neither shown cause to excuse his failure to comply with state court procedures nor established actual prejudice resulting from the alleged error. Thus, this ground is not subject to review by this Court.

### B. The Jury's Use of a Transcript

Fugate contends that he was denied a fair trial and substantially prejudiced by the submission of a transcript of a tape recorded conversation to the jury. [Record No. 1, p. 5] The tape recorded conversation was played for the jury at trial but the trial judge sustained an objection to a copy of the transcript being given to the jury during deliberations. However, Fugate alleges that the transcript was actually given to the jury.

This claim was found to be speculative by the Supreme Court of Kentucky because no substantiating evidence was presented. [Record No. 16-15, pp. 7–8] Further, even if Fugate

were able to prove that the transcript was admitted to the jury, such error was deemed harmless under Kentucky law. [*Id.*, pp. 8–9; *See Cole v. Commonwealth*, 553 S.W.2d 468, 471 (Ky. 1977)] As outlined by the Magistrate Judge, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); [*See* Record No. 16, p. 12] The error alleged by Fugate regarding the submission of the transcript to the jury does not fit within the narrow exception to this general rule. *McGuire*, 502 U.S. at 67–68 (requiring the admission of evidence be so egregious as to deny the petitioner a fundamentally fair trial).

### C. Prosecutorial Misconduct

Fugate asserts five claims categorized as prosecutorial misconduct. He first asserts that witness Joe Wilder was intimidated by the prosecution. [Record No. 1, p. 6] However, as stated by the Magistrate Judge, Fugate has not provided any evidence supporting his claim or demonstrated that the Supreme Court of Kentucky's rejection of this claim was contrary to or constituted an unreasonable application of clearly established federal law. [Record No. 19, p. 14]

Fugate next argues that his constitutional rights were violated by prosecutorial misconduct in the following ways: comments during opening and closing arguments suggesting that the jury impose a life sentence; inflaming the passions of the jury; and misleading, misstating facts, improperly vouching for evidence, and intimidating the jury during the trial proceedings. [*Id.*, pp. 6–7] The relevant inquiry on habeas review is whether the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)

(internal citations omitted). The allegedly improper conduct must be both improper and flagrant to warrant reversal. *Bates v. Bell*, 402 F.3d 635, 641 (6th Cir. 2005). The Magistrate Judge correctly analyzed these claims under prevailing federal law in determining that Fugate had not demonstrated that the Supreme Court of Kentucky's denial of these claims was contrary to or an unreasonable application of clearly established federal law. [Record No. 19, pp. 15–18] Further, Fugate failed to provide any evidence of the misconduct alleged. Thus, he has failed to sufficiently plead facts or present evidence to establish a constitutional violation resulting from the alleged prosecutorial acts.

Fugate also contends that a *Brady* violation occurred as the result of the prosecutor's use of statements by witness David Crum. [Record No. 1, p. 7] To demonstrate a *Brady* violation, a habeas petitioner must establish that evidence favorable to the petitioner was suppressed by the government resulting in prejudice. *Banks v. Dretke*, 540 U.S. 668, 691 (2004). However, as stated by the Magistrate Judge, it is apparent from the record that the prosecution provided open file discovery and that Fugate subpoenaed David Crum for trial. [Record No. 19, p. 19] Thus, Fugate has failed to offer sufficient evidence of a *Brady* violation.

### D. Cumulative Error

Fugate's final claim alleges, *inter alia*, denials of an evidentiary hearing and that the state court erred "in ruling that the only voice that could contradict Petitioner has been stilled by death." [Record No. 1, p. 8] But Fugate provided no legal basis for this claim. The Magistrate Judge, liberally construing the Complaint, interpreted this argument as a claim for deprivation of due process resulting from cumulative errors at trial. [Record No. 19, p. 25]

The Magistrate Judge recommended that the claim be denied because such claims "are not cognizable on habeas because the Supreme Court has not spoken on this issue." [*Id.*, pp. 25–26]; *See Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005). The Court agrees with this conclusion.

Further, even if cumulative error claims were cognizable on habeas, Fugate's argument on this point would nonetheless fail. To obtain a new trial under this doctrine, a petitioner "must show that the combined effect of individually harmless errors was so prejudicial as to render his trial fundamentally unfair." *United States v. Trujillo*, 376 F.3d 593, 614 (6th Cir. 2004). The cumulative error analysis applies where there are two or more actual errors. It does not apply to the cumulative effect of non-errors. *United States v. Vining*, 224 F. App'x 487, 498 (6th Cir. 2007). Here, Fugate has not shown error with any of the state court's proceedings. As a result, relief based on the cumulative effect of the alleged errors is not appropriate.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Edward B. Atkins [Record No. 19] is **ADOPTED,** as modified in Part III Section A of this opinion regarding admission of the tape recorded conversation, and **INCORPORATED** herein by reference.

2. The Objections to the Report and Recommendation filed by Fugate on April 6, 2015 [Record No. 20], are **OVERRULED**.

3. Fugate's Petition for Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Record No. 1], is **DENIED**. Further, this matter is **DISMISSED** and **STRICKEN** from the Court's docket

4. A Certificate of Appealability shall not issue with respect to any matter or claim raised in this proceeding.

5. A **FINAL** and **APPEALABLE** Judgment shall be entered this date, consistent with this Memorandum Opinion and Order.

This 24th day of April, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge